T.C. Memo. 2002-105


UNITED STATES TAX COURT


VIRGINIA L. DIMON, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

CHARLES F. DIMON, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 6594-01, 6595-01.     Filed April 25, 2002.


Charles F. Dimon, pro se.

Thomas J. Fernandez, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

CHIECHI, Judge:  Respondent determined deficiencies in, and additions to, petitioners' respective Federal income tax (tax), as follows:

Petitioner Virginia L. Dimon

|  |  | Additions to Tax Under | |
| Year | Deficiency | Sec. 6651(a)(1)[1] | Sec. 6654 |
| 1996 | $11,773 | $2,919.75 | $626.61 |

Petitioner Charles F. Dimon

|  |  | Additions to Tax Under | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654 |
| 1996 | $43,776 | $10,944 | $2,329.98 |

The issues remaining for decision[2] are:

(1) Did Mr. Dimon receive $127,970 of nonemployee compensation during 1996?  We hold that he did.

(2) Is Mr. Dimon entitled to deduct for 1996 the Schedule C expenses that he is claiming?  We hold that he is not.

(3) Is each petitioner liable for 1996 for the addition to tax under section 6651(a)(1)?  We hold that each petitioner is so liable.

(4) Is each petitioner liable for 1996 for the addition to tax under section 6654?  We hold that each petitioner is so liable.

---

[1]All section references are to the Internal Revenue Code (Code) in effect for the year at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Computational or correlative issues also remain, resolution of which flows automatically from our resolution of the determinations in the notice of deficiency (notice) issued to petitioner Virginia L. Dimon (Ms. Dimon) and in the notice issued to petitioner Charles F. Dimon (Mr. Dimon), which we address herein.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. Other facts have been deemed admitted pursuant to Rule 90(c).

At the time they filed the respective petitions in these cases, Ms. Dimon and Mr. Dimon, who were married throughout the entire taxable year 1996, resided in Irvine, California.

Neither Ms. Dimon nor Mr. Dimon filed a tax return (return) for taxable year 1996. On January 10, 2002, petitioners provided to respondent an original, signed Form 1040, U.S. Individual Income Tax Return, for 1996 (unfiled Form 1040). Petitioners included Schedule C, Profit or Loss From Business (Schedule C), in that unfiled Form 1040. In Schedule C of the unfiled Form 1040 for 1996, petitioners indicated that during 1996 Mr. Dimon was the proprietor of an executive recruiting business. Schedule C of the unfiled Form 1040 for 1996 showed gross receipts of $127,970 and claimed expenses of $57,064.

Neither Ms. Dimon nor Mr. Dimon made any estimated or other tax payments for 1996 except for $94 which was withheld from Ms. Dimon's wages.

During 1996, Mr. Dimon received $127,970 in nonemployee compensation.

OPINION

Each petitioner[3] bears the burden of showing error in the determinations that remain at issue in the respective notices issued to them.[4]  See Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S.

---

[3]Although Ms. Dimon did not appear at trial, Mr. Dimon informed the Court that Ms. Dimon had authorized him to speak for both of them at trial, and the Court allowed him to do so.

[4]Respondent acknowledges that the examination of petitioners' taxable year 1996 began after July 22, 1998.  With respect to court proceedings arising in connection with examinations commencing after July 22, 1998, under sec. 7491(a) the burden of proof shifts to respondent in specified circumstances.  Internal Revenue Service Restructuring and Reform Act of 1998 (RRA 1998), Pub. L. 105-206, sec. 3001(c), 112 Stat. 727.  As detailed in respondent's trial memorandum and in respondent's oral and written motions to dismiss for lack of prosecution made on Jan. 28, 2002, and filed on Jan. 30, 2002, respectively, petitioners, inter alia, did not cooperate with reasonable requests made by respondent for witnesses, information, documents, meetings, and interviews, did not comply with the substantiation requirements of the Code relating to the claimed Schedule C deductions at issue, and did not introduce credible evidence at trial with respect to the factual issues remaining in these cases that are relevant to ascertaining their respective tax liabilities for 1996.  See sec. 7491(a)(1) and (2).  Consequently, according to respondent, the burden of proof in these cases does not shift to respondent under sec. 7491(a).  Although Mr. Dimon ultimately did appear at the recall of these cases on Jan. 30, 2002, and although we did not grant respondent's motions to dismiss these cases for lack of prosecution, on the record before us, we agree with respondent that petitioners bear the burden of proof in these cases.  See sec. 7491(a).

With respect to court proceedings arising in connection with examinations commencing after July 22, 1998, under sec. 7491(c) respondent bears the burden of production with respect to any individual's liability for any penalty or addition to tax.  RRA 1998, sec. 3001(c).  As discussed below, respondent concedes that respondent has the burden of production with respect to the additions to tax that respondent imposed on Ms. Dimon and Mr. Dimon, respectively.

111, 115 (1933). With respect to the deductions claimed in Schedule C of the unfiled Form 1040 for 1996, deductions are strictly a matter of legislative grace, and petitioners bear the burden of proving that they are entitled to any deductions claimed. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).

We turn first to the contention of Mr. Dimon that the $127,970 that he received during 1996 represented proceeds from the sale of a business, and not nonemployee compensation. On the record before us, we reject that contention. Mr. Dimon is deemed to have admitted pursuant to Rule 90(c) that the $127,970 that he received during 1996 was nonemployee compensation. In addition, Schedule C of the unfiled Form 1040 for 1996 that petitioners provided to respondent on January 10, 2002, showed that Mr. Dimon received during 1996 $127,970 in gross receipts from his Schedule C business. We are unwilling to accept Mr. Dimon's general, conclusory, and uncorroborated testimony at trial that those admissions are wrong. On the record before us, we find that Mr. Dimon has failed to satisfy his burden of showing that the $127,970 that he received during 1996 represented proceeds from the sale of a business, and not nonemployee compensation.[5]

---

[5]In the respective notices issued to Ms. Dimon and Mr. Dimon, respondent increased Mr. Dimon's nonemployee compensation in the amount of $127,970 and increased Ms. Dimon's income for that year by one half of that amount, which respondent determined to be community income. Similarly, in those respective notices, respondent included in Ms. Dimon's income for 1996 the full

(continued...)

We turn next to Mr. Dimon's claim that he is entitled to the deductions claimed in Schedule C of the unfiled Form 1040 for 1996 that petitioners provided to respondent on January 10, 2002. To support that claim, Mr. Dimon relies on his general, conclusory, and uncorroborated testimony that he incurred the Schedule C expenses at issue and is entitled to deduct them. We are not required to, and we shall not, rely on that testimony. On the record before us, we find that Mr. Dimon has failed to satisfy his burden of establishing that he is entitled to any of the deductions at issue.

We turn finally to the additions to tax under sections 6651(a)(1) and 6654 that respondent determined in the respective notices issued to Ms. Dimon and Mr. Dimon. Respondent concedes that respondent has the burden of production under section 7491(c) with respect to those additions to tax and contends that respondent has satisfied that burden. On the record before us,

---

[5](...continued) amount of her unreported 1996 wages and increased Mr. Dimon's income for that year by one half of that amount, which respondent determined to be community income. Petitioners do not dispute that the $127,970 that Mr. Dimon received and the total wages that Ms. Dimon received during 1996 constitute community income. In the respective Rule 155 computations in these cases, the parties shall calculate the respective amounts of income of Ms. Dimon and Mr. Dimon for 1996 so that only one half of any community income is included in each such petitioner's income for that year. See United States v. Mitchell, 403 U.S. 190 (1971); Shea v. Commissioner, 112 T.C. 183, 189-190 (1999).

we agree with respondent.[6]  On that record, we find that respon-
dent has satisfied respondent's burden of production under
section 7491(c) with respect to the additions to tax at issue in
these cases.  Petitioners have the burden of establishing that
they are not liable for those additions to tax.  See Higbee v.
Commissioner, 116 T.C. 438, 446-447 (2001).  Mr. Dimon testified
that he did not file a return for 1996 because some unidentified
person advised him that the $127,970 that he received during 1996
represented proceeds from the sale of a business, and not earned
income.  We shall not rely on Mr. Dimon's general, conclusory,
and uncorroborated testimony as to the reasons why he did not
file a return for 1996 or pay estimated tax for that year.  On
the record before us, we find that petitioners have failed to
show that they are not liable for the additions to tax under
sections 6651(a)(1) and 6654 that respondent determined in the
respective notices issued to them.

We have considered all of the contentions and arguments of
petitioners that are not discussed herein, and we find them to be
without merit and/or irrelevant.

To reflect the foregoing,

Decisions will be entered under
Rule 155.

_____

[6]The record establishes that neither Ms. Dimon nor Mr. Dimon
filed a return for taxable year 1996 and that neither of them
made any estimated or other tax payments for that year except for
$94 which was withheld from Ms. Dimon's wages.